UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMELLO RANDLE,<br><br>   Petitioner,<br><br> v.<br><br>CONTRA COSTA COUNTY SUPERIOR COURT,<br><br>   Respondent. | Case No. 24-cv-07930-RFL<br><br>**ORDER REOPENING ACTION AND DISMISSING PETITION WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 11 |

  This *pro se* habeas petition was dismissed without prejudice after Petitioner failed to file a motion to proceed *in forma pauperis* or pay the filing fee. (Order of Dismissal, Dkt. No. 8.) Since the dismissal, Petitioner has filed a motion to proceed *in forma pauperis* that the Court also construes as a motion to reopen. (Dkt. No. 11) The case is reopened, and the Court will review the petition. Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

  The petition is DISMISSED with leave to file an amended petition or a motion for a stay on or before **April 28, 2025**. Failure to file a proper amended petition or a motion for a stay by April 28, 2025, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this action under Rule 41(b) for failure to prosecute.

## BACKGROUND

  A jury found Petitioner guilty of murder with the special circumstance of lying in wait. (Dkt. No. 1 at 2.) On September 24, 2024, Petitioner was sentenced to life without the possibility of parole and 115 years. (*Id*.) Also on September 24, 2024, Petitioner submitted this federal petition to the Ninth Circuit. (*Id*. at 1.) On November 12, 2024, the Ninth Circuit transferred the case to this Court because an application for a writ of habeas corpus must be

1

made to the district court.  (Dkt. No. 2 at 1.)  The case was dismissed without prejudice on February 4, 2025, due to Petitioner's failure to file a motion to proceed *in forma pauperis*.  At the time of filing the petition, Petitioner had not appealed the conviction or filed any petitions in state court.  (Dkt. No. 1 at 5.)

## DISCUSSION

A.     <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.     <u>Legal Claims</u>

The specific claims are difficult to understand, but it appears that as grounds for federal habeas relief Petitioner asserts that: (1) the trial court imposed an illegal sentence that was also racially discriminatory; (2) trial counsel was ineffective and the trial court erred by not providing different counsel; and (3) the prosecutor withheld critical evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Petitioner filed this petition on the day that he was sentenced by the trial court, and he indicates that he has not pursued any appeals in state court.  Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, Petitioner must present to the California Supreme Court any claims he wishes to raise in this Court.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id*. The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal petition is filed, not when it comes on for hearing in the district court or court of appeals, *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999); *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993), and if the petitioner exhausts after filing, he can bring that up in a subsequent petition, *Gatlin*, 189 F.3d at 889.

It appears that petitioner has presented an entirely unexhausted petition. The petition is dismissed with leave to amend for Petitioner to provide more information and demonstrate that he has exhausted these claims or discuss if any state appeals are pending.

Petitioner may also file a motion for a stay. In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit, and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Id*. at 277-78. A district court has the discretion to stay a petition containing only unexhausted claims under the circumstances set forth in *Rhines*. *Mena v. Long*, 813 F.3d 907, 909 (9th Cir. 2016). If Petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors. Regardless of how Petitioner chooses to proceed in this Court, he must diligently seek relief in state court to properly exhaust his claims.

## CONCLUSION

The action is REOPENED. The Clerk is directed to modify the docket accordingly. The judgment and the order of dismissal are VACATED. The motion to proceed *in forma pauperis* (Dkt. No. 11) is GRANTED.

The petition is DISMISSED with leave to file an amended petition or a motion for a stay on or before **April 28, 2025**. The amended petition must include the caption and civil case number used in this order (24-7930 RFL (PR)) and the words FIRST AMENDED PETITION on

the first page. Failure to file a response in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Petitioner.

It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 31, 2025

                                          RITA F. LIN
                                          United States District Judge